**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAN GOODRICK,

               Plaintiff - Appellant,

   v.

CORRECTIONAL MEDICAL
SERVICES, INC.; et al.,

               Defendants - Appellees.

No. 12-35016

D.C. No. 3:09-cv-00355-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

   Idaho state prisoner Dan Goodrick appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Goodrick failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of his medical conditions, including his Hepatitis C and his back and hip pain. *See id.* at 1057-58 (neither negligence nor difference of opinion concerning the course of treatment amounts to deliberate indifference).

The district court did not abuse its discretion by denying in part Goodrick's motion to compel additional discovery, including Correctional Medical Services' bids and contracts with the State of Idaho. *See* Fed. R. Civ. P. 26(b)(1) (discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and explaining that "broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying without prejudice Goodrick's motion to appoint an expert because Goodrick failed to show that

appointment of an expert was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointment of expert is reviewed for abuse of discretion).

The district court did not abuse its discretion in denying Goodrick's Rule 59(e) motion because Goodrick did not establish any ground for relief. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (setting forth standard of review and listing grounds upon which a Rule 59(e) motion may be granted).

Goodrick's contentions concerning the appointment of counsel, amendment of the complaint, alleged judicial bias, and his Rule 60 motion are unpersuasive and not supported by the record.

We decline to consider those documents submitted by Goodrick that were not presented to the district court. *See* Fed. R. App. P. 10(a); *United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989).

**AFFIRMED.**